UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS MITCHELL HILLEBRANDT,

    Petitioner,

v.

NYLIFE SECURITIES LLC,

    Respondent.

**OPINION AND ORDER**

22 Civ. 9702 (ER)

Ramos, D.J.:

Douglas Mitchell Hillebrandt petitions the Court to confirm an arbitration award against NYLife Securities LLC ("NYLife"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 9. Doc. 1. For the reasons set forth below, the petition is granted.

### I. Background[1]

On August 27, 2021, Hillebrandt filed a statement of claim and commenced a Financial Industry Regulatory Authority ("FINRA") arbitration proceeding against NYLife, captioned Case Number 21-02210, seeking expungement of information from his Form U5 registration records maintained by the Central Registration Depository (the "CRD"), which is operated by FINRA.[2] ¶ 7; *see also* Arbitration Award, Doc. 1-1 at 1. Two months later, on October 19, 2021, NYLife filed a statement of answer. Arbitration

---

[1] Unless otherwise noted, citations to "¶ __" refer to the petition, Doc. 1.

[2] The Form U5 is the Uniform Termination Notice for Securities Industry Registration. Broker-dealers, investment advisers, or issuers of securities use this form to terminate the registration of an individual.

Award at 1.  An evidentiary hearing was held before a FINRA arbitrator on June 1, 2022, at which the parties presented oral argument.³  ¶ 8; Arbitration Award at 1.

On June 17, 2022—"having [reviewed] the pleadings and other materials filed by the parties" and conducted the evidentiary hearing—the FINRA arbitrator issued the Arbitration Award, recommending that the CRD expunge the "Reason for Termination and Termination Explanation" in Section 3 of Hildebrandt's Form U5.  ¶ 9; *see also* Arbitration Award at 2–3.  Specifically, the arbitrator recommended changing the "Reason for Termination" to "Voluntary," and replacing the "Termination Explanation" language with the following:  "Mr. Hillebrandt failed to ensure timely deposit of several company contributions to Simple IRA accounts of three company employees, in violation of company policy."  ¶ 9; Arbitration Award at 2.  The arbitrator further recommended that the CRD expunge all references to "Occurrence Number 2079237" from its registration records relating to Hillebrandt and that "[a]ny 'Yes' answers . . . be changed to 'No,' as applicable."  ¶ 9; Arbitration Award at 2.  For CRD to execute the expungement directive, the arbitrator required that Hillebrandt to obtain confirmation of the Arbitration Award from a court of competent jurisdiction.  Arbitration Award at 2–3.

Five months after the FINRA arbitrator issued his decision, on November 14, 2022, Hillebrant filed the instant petition to confirm the Arbitration Award.  Doc. 1.  On January 23, 2023, the parties filed a joint stipulation of acceptance of service, in which NYLife further represented that it does not oppose the relief sought in the Petition, and

---

³ Although Hillebrandt initially sought monetary damages, he withdrew that request at the evidentiary hearing.  Arbitration Award at 2.

that it has "no intention to interpose an objection or other response to the Petition in any form[.]" Doc. 3.

## II.     Legal Standard

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). Courts are required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, so long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also*

*Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and

must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III. Discussion

The Court finds that there is sufficient justification for the Arbitration Award. *Landy*, 954 F.2d at 797. The arbitrator reviewed the submissions of Hillebrandt and NYLife and held an evidentiary hearing at which he heard oral argument. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

### IV. Conclusion

For all of these reasons, the petition is granted and the Arbitration Award is confirmed. FINRA is hereby directed to execute the arbitrator's expungement directive. The Clerk of Court is respectfully directed to enter judgment in favor of Hillebrandt and to close this case.

It is SO ORDERED.

Dated:   April 3, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.